UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON BLACKWELL, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:13-cv-1260-TWP-TAB |
| SUPERINTENDENT, *Plainfield Correctional Facility*, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Damon Blackwell ("Mr. Blackwell") for a Writ of Habeas Corpus challenges a prison disciplinary proceeding identified as No. IYC 13-02-0039. For the reasons explained in this Entry, Mr. Blackwell's habeas petition must be **DENIED**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003).

**II. The Disciplinary Proceeding**

On February 5, 2013, Officer S. Puckett wrote a Report of Conduct in case IYC 13-02-0039 charging Mr. Blackwell with possession of an electronic device. The Report of Conduct states:

1

On 1/29/2013 I, S. Puckett was assigned to look into a cell phone that was confiscated and unlocked by this office. Several phone numbers were retrieved that matched offenders phone lists at this facility. See report of Investigation.

The Report of Investigation states:

On 1/29/2013 I was assigned to investigate a confiscated contraband locked cell phone that was taken out of HUC N Unit. This office was able to unlock this cell phone and were able to cross reference the numbers from OIS and the offender phone system database. Several Offenders including the named offender above were linked to this cell phone from the contacts on their offender phone list that they submitted to have there (sic) phone turned on.

On February 7, 2013, Mr. Blackwell was notified of the charge of possession of an electronic device and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Mr. Blackwell was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested a witness, offender Wheeler, and requested that he be able to view numbers on the call log and his phone list.

The hearing officer conducted a disciplinary hearing in IYC 13-02-0039 on February 26, 2013, and found Mr. Blackwell guilty of the charge of possession of an electronic device. In making this determination, the hearing officer considered the staff reports and the offender statements. At the hearing, Mr. Blackwell stated: "I have not got to see the number. I did not use that phone. I did and do not live in Centrol. I have asked and everyone else knows there (sic) number that links them to the phone. In June 2012 I had a phone. I pled guilty. This is not me." The hearing officer recommended and approved the following sanctions: a 60 day deprivation of earned credit time and a suspended demotion from credit class I to credit class II. The sanctions were imposed because of the likelihood that they would have a corrective effect on Mr. Blackwell's future behavior. Mr. Blackwell's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

### III. Analysis

Mr. Blackwell brings a single claim for habeas relief which the Court has divided into two: 1) he was denied the evidence he requested; and 2) there was insufficient evidence to support his conviction for possession of an electronic device.[1]

Mr. Blackwell first argues that he was not allowed to view the mobile telephone's call log or his list of approved telephone numbers. He argues that the hearing officer did not produce the physical evidence that he had requested at screening and that the hearing report does not reflect that the hearing officer reviewed that evidence. It is undisputed that Mr. Blackwell wanted to have the following evidence considered: the numbers on the call log and the numbers on his telephone list. The hearing officer reviewed "staff reports," which included the conduct report and the Report of Investigation. The list of telephone numbers that the facility had approved for Mr. Blackwell, printed on February 15, 2013, before the hearing, was also considered. The record also reflects that the hearing was postponed due to the need for further investigation after Mr. Blackwell asked more questions about the evidence. Dkt. 8-2, Ex. B, p. 3.

A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566; *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002) (prisoners' right to present evidence is qualified…they "do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary."). A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342

---

[1]Two weeks after Mr. Blackwell's reply was due, he submitted his copy of the Screening Report which is not identical to the one presented by the respondent in this case. There are no substantive differences, however, and Mr. Blackwell has not shown that any difference between the handwriting on the two forms caused any violation of his due process rights.

F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). Mr. Blackwell requested the telephone numbers on the call log as well as those on his telephone list. That evidence was reviewed by the hearing officer. The evidence was not exculpatory. Moreover, Mr. Blackwell has shown no prejudice from any alleged denial of evidence. *Piggie,* 342 F.3d at 666 (petitioner failed to indicate how evidence would have aided his defense, and harmless error analysis applies to prison disciplinary proceedings). Accordingly, the Court finds that the hearing officer did not fail to consider any requested exculpatory evidence.

Mr. Blackwell's second claim challenges the sufficiency of the evidence, arguing that the conduct report did not show "intent" to commit the offense and did not prove his guilt by a preponderance of the evidence.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report and Report of Investigation establish that the numbers on Mr. Blackwell's telephone list which he had provided to the facility matched the numbers on the call log of the confiscated mobile telephone. The conduct report and additional statements were sufficient evidence to support the finding of guilt. There was no error in this regard.

Mr. Blackwell was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. Under the "some evidence" standard, there was sufficient evidence in the record to support the finding of guilt. Considering these circumstances, there were no violations of Mr. Blackwell's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Blackwell's petition for a writ of habeas corpus must be **DENIED** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/10/2015

*Tanya Walton Pratt*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Damon Blackwell
148743
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

All electronically registered counsel